## The Lucas Bank v. King, *Appellant.*

1. **Partition**: ALLOWANCE OF ATTORNEY'S FEES. Under the act of 1870 in relation to attorney's fees in partition cases, (Sess. Acts, p. 75,) the judge of the trial court has no right to allow a fee in favor of the attorney bringing the suit, unless the fee has been agreed upon between the attorney and the plaintiff, in which event the judge may allow it if it seems to him reasonable, or unless there is a stipulation of record that the judge may fix the fee.

2. ———: DISTRIBUTION. In making distribution of the fund arising from a sale in partition, all costs should first be deducted, and the sum remaining should be divided between the parties according to their respective rights.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*Crews & Booth* for appellant.

*L. F. Parker* for respondent.

HOUGH, J.—It was provided by the Revised Statutes of 1855, page 1122, section 65, that the judge of the court in which any suit for partition was brought, should allow a reasonable attorney's fee in favor of the attorney bringing the suit, which should be taxed and collected as other costs. Under this statute it was held by this court, in *Draper v. Draper*, 29 Mo. 13, decided in 1859, that it must appear of record that the plaintiff in partition had agreed to pay the attorney a certain fee, in which event, the judge, if he deemed the sum agreed upon reasonable, might allow the same, to be taxed as costs, or an agreement must be entered of record that the judge should fix the amount of the fee. In 1861, section 65, *supra*, was repealed, and the judge was authorized to fix and allow a reasonable attorney's fee to be taxed as costs, whether any fee had been agreed upon between the attorney and the parties or not. Acts 1860–61, p. 45. In the revision of 1865, it was provided that the judge should allow a reasonable attorney's fee, in no case to exceed $100, whether any fee had been agreed upon or not. Gen. St., 616, § 55. In 1870, the legislature restored the law as it stood in the revision of 1855, and we are, therefore, as much bound by the interpretation previously put upon it by this court as if such interpretation had been expressly made a part of the enactment. *Skouten v. Wood*, 57 Mo. 380. In the case at bar an attorney's fee was allowed by the judge to be taxed as costs, but as it does not appear of record that the plaintiff and the attorney bringing the suit had agreed upon any fee, and as there is no stipulation of record that the judge might fix the fee, the judgment must be reversed.

In making distribution of the fund arising from the sale of the property, all costs of the proceeding should be first deducted, and the sum remaining should be divided between the parties according to their respective rights.

Judgment reversed and cause remanded. The other judges concur.