Gulick v. Huntley.

144    241
102a  ⁷184
102a  ⁷187

GULICK *et al.* v. HUNTLEY *et al.*, *Appellants.*

Division One, May 24, 1898.

1. **Partition:** BY PAROL: ACQUIESCENCE OF PARTIES. By will a testator devised lands to his wife and children, setting out the proportionate share of each, and provided that partition thereof should be made by commissioners appointed by the probate court, which was done in accordance with the will. *Held*, that although the partition by the probate court had no binding validity or force, yet as it was admitted to be just, and as all the parties acquiesced in it for nine years, and each moved on his share, improved, cultivated, rented or alienated the whole or parts of it, it will not be disturbed on motion of a creditor who obtained judgment against two of the parceners, levied on their "undivided interest" in the whole property, and asked that the estate be legally partitioned.

2. ———: ———: ———: MARRIED WOMEN. And this will be the holding although one of the parceners was a married woman at the time, if the partition was an equitable and fair division.

3. ———: ———: ———: DECEASED REMAINDERMEN. And the same will be the holding even though the testator gave a share of the estate to "a daughter, remainder to her children," if she during her life, and the father and guardian of her children for them after her death, acquiesced in the partition.

4. ———: ———: ———: CONFIRMATION. And any of the parceners had the right to afterward maintain an action to have such parol partition confirmed by a decree in equity.

VOL. 144 mo—16

5. ———: ———: DECREE: LIMITED TO ISSUES. The decree in partition should be limited to the issues. And where plaintiff seeks to have a parol partition confirmed and declares herself satisfied with it, it is error to approve a report of commissioners, appointed under the prayer of defendant for a new partition, declaring she is entitled to $650 more than the other children in the land set off to her mother for life, because, in the opinion of the commissioners, she did not by that amount receive her share in the parol partition.

6. ———: ———: MORTGAGE. A parol partition being held good, a mortgage thereon by the parcener to whom a certain piece of land was set aside, is a prior lien over a judgment by a subsequent creditor.

7. ———: ———: ATTORNEY'S FEES. A proceeding to confirm a parol partition is an equitable suit, and there being no statute for the government of such suits, an allowance of an attorney's fee to plaintiff's attorney and making it a lien on the whole land, or even on plaintiff's land, was error.

*Appeal from Jasper Circuit Court.*—Hon. Edward C. Crow, Judge.

Reversed and remanded (*with directions*).

*M. G. McGregor* for appellant Huntley.

(1) The parties to the partition in the probate court acquiescing and each taking possession thereof thereunder made it a good partition in equity and said partition is binding on their creditors and grantees and plaintiff would only be entitled to a decree confirming the partition. *Sutton v. Porter*, 119 Mo. 102; *Smith v. Patterson*, 95 Mo. 529; *Nave v. Smith*, 95 Mo. 600; *Hazen v. Barnett*, 50 Mo. 507. (2) The respondent, a married woman, was bound by her acquiescence in the partition made and is bound by agreeing to a parol partition. 2 R. S., secs. 6864 and 6869; *Sutton v. Porter*, 119 Mo. 104; Freeman on Coten. and Part. [2 Ed.], sec. 412; *Goodrick v. Harrison*, 130 Mo. 268.

(3) The land set off to Mary Huntley, widow, by the terms of the will of Ezra Huntley was not to be divided among those entitled to the same in remainder until after the death of said Mary Huntley. Hence a repartition in any of the land was unnecessary and unlawful. No partition can be made contrary to the intention of the testator expressed in his will. 2 R. S., secs. 7142 and 8916; *Cubbage v. Franklin*, 62 Mo. 368; *Carter v. Alexander*, 71 Mo. 588; *Lambert v. Haydel*, 96 Mo. 443; *Sikemeiser v. Galvin*, 124 Mo. 371. (4) The respondent, Mary Gulick, only asks that one fourth of the land devised to her mother for life be set off to her; but the court set her off $650 worth absolutely, and in addition one fourth of that remaining, absolutely without her showing or claiming any right to such $650 worth. · As against the other devisees, except her own children, she received her full share under the former partition. That she received more real estate than her share and less personal property would only give her a claim against her own children. She can not recover for a cause of action not stated in her petition or supported by any evidence. *Bird v. Railroad*, 30 Mo. App. 379; *Clements v. Yeates*, 69 Mo. 625. (5) If land could not be divided equally it should be sold. One set of tenants in common who are minors can not be required to pay their cotenants money in lieu of their share of land, nor are such cotenants obliged to accept same. 2 R. S., secs. 7154 and 7163; 17 Am. and Eng. Ency. of Law, 757 and 775; *Gooch v. Green*, 102 Ill. 507. (6) The court should have merely affirmed the former partition and not appointed commissioners; and this was not a suit in partition contemplated by the statute and no attorneys' fees, or fees to guardians *ad litem* should have been allowed. 2 R. S. 1889, sec. 7182.

*E. O. Brown* for appellant National Bank.

(1)    While George and Jasper Huntley possessed the undoubted right to mortgage, convey or otherwise dispose of the whole of their undivided interest in the common property, or any specific portion thereof, prior to the allotment of such interest in partition proceedings, yet, where, as in this case, such mortgages and conveyances covered less than the entire interest of George and Jasper Huntley, and do not purport to cover their undivided interest in the common property, or any part thereof, then when the estate comes to be divided such conveyances and mortgages will pass only a proportioned interest in the part allotted to the grantees and mortgagees of said George and Jasper Huntley.    Clearly then the lien of the judgment of the First National Bank upon the undivided interest of George and Jasper Huntley in the common estate takes precedence, and is entitled to priority over such conveyances and mortgages.    Moreover, it is a well established rule that a decree of partition can not extend such mortgages and conveyances to any property not described or included therein.    1 Jones on Mort. [2 Ed.], sec. 706; *Randall v. Millett*, 14 Me. 51; *Green v. Arnold*, 11 R. I. 364.    (2)    While George and Jasper Huntley might convey or mortgage their undivided interest in the common property, they could not convey or mortgage a specific portion of the common property.    *Shepardson v. Rowland*, 28 Wis. 108; *Murray v. Haverty*, 70 Ill. 318; *Tainter v. Cole*, 120 Mass. 162. (3)    That the circuit court ought to have removed the lien of appellant's judgment from the undivided moiety of the whole estate and declared the same a lien upon that portion of the common property allotted to George and Jasper Huntley, against whose undivided interest such judgment was a charge is too clear to require

further argument. Freeman on Coten. and Part., sec. 478. (4) Unless authorized to do so by the decree under which they were appointed, commissioners can not award owelty of partition. Freeman on Coten. and Part. [1 Ed.], p. 633, sec. 522.

*Thomas & Hackney* for respondents.

(1) The court committed no error in decreeing the partition of the real estate devised to Mary Huntley during her natural life, by the will of Ezra Huntley, remainder to his sons and daughters. *Reinders v. Koppelmann*, 68 Mo. 482; *Preston v. Brant*, 96 Mo. 552; *Sikemeier v. Galvin*, 124 Mo. 367; *Freeman v. Freeman*, 9 Heisk. (Tenn.) 301. (2) There is nothing in the will of Ezra Huntley, deceased, in terms or by implication forbidding the partition of the estate conveyed to Mary Huntley for life, remainder to his children. *McQueen v. Lilly*, 131 Mo. 9; *Luttrell v. Wells*, 30 S. W. Rep. 10; *McGraw v. Minor*, 15 S. W. Rep. (Ky.) 6; *Lindemeier v Lindemeier*, 15 S. W. Rep. 524. (3) The court committed no error in decreeing to Mary Gulick lands in fee simple of the value of $650 out of the lands devised for life to Mary Huntley, to equalize her with the other devisees. It is true that the respondent, Mary Gulick, in her petition asked that the division made by the commissioners appointed by the probate court be recognized and confirmed, so far as it went. She, at the same time, in her petition alleges that the said partition was unfair to her, and that she did not get her full share of the property attempted to be partitioned by said commissioners. *Bell v. McCoy*, 38 S. W. Rep. 330. (4) The court committed no error in giving priority to the mortgages and deeds of trust of the creditors of George and Jasper Huntley over the judgment of the appellant, the First National Bank of

Carthage. *Bompart v. Roderman*, 24 Mo. 398. (5) And a party to a parol partition has a right to have the same confirmed by a decree vesting in him the legal title. *Hagen v. Barnett*, 50 Mo. 506; *Sutton v. Porter*, 119 Mo. 100; *Nave v. Smith*, 95 Mo. 596.

MARSHALL, J.—This is a proceeding in equity for an injunction, and to confirm a parol partition to lands.

In 1886 Ezra Huntley died, seized of large tracts of land in Jasper county and elsewhere. By his will he left his wife, Mary, one third of his property, real and personal, for life, "and after her death the same to be divided equally, share and share alike, between my sons and daughters," and in case of the decease of any of his children before the death of his wife, the share of such child to go to the heirs of the body of such deceased, and if there were no heirs, said share to be divided equally between the surviving children. The remaining two thirds of his property he left to his two sons, George and Jasper, and his two daughters, Mary Gulick and Rosener Steinmetz; the sons to have their portions absolutely, and the daughters for life, remainder to their children. Rosener died before her father, leaving children. He provided in his will that the probate court of Jasper county should appoint commissioners to make partition of the property in the manner specified. After his death George Huntley, the executor, petitioned the probate court to appoint commissioners as the will directed. The court did so. The commissioners partitioned the property in conformity to the directions of the will, and because the real property could not be equally divided, they made the shares equal out of the personal property of the estate. They did not provide for a partition of the one third set apart to the widow after her death. The probate court

confirmed the commissioners' report and entered judg-
ment accordingly on May 25, 1886. The parties in inter-
est acquiesced in the partition. They took possession
of the part assigned to them, made improvements on
their part, rented it or cultivated, mortgaged or alien-
ated the whole or parts of their shares. The estate was
finally settled in October, 1894. In November, 1894,
the First National Bank of Carthage obtained judg-
ment against George and Jasper Huntley for $2,816.40
debt and $7.40 costs, and on the seventh of April,
1895, the sheriff levied the execution on all the interest
of George and Jasper in the whole property of which
their father died seized, treating the partition as void,
and levying the execution upon the undivided interest
of the defendants in the whole property. Thereupon
Mary Gulick, her husband and children instituted this
proceeding, alleging all these facts, averring an ac-
quiescence by all the adults and by the father and
guardian of Rosener's heirs, in the partition, and that
it would be inequitable for them to attempt after so
long a time to avoid the partition, and asking that the
execution in favor of the bank against George and
Jasper be quashed so far as it related to any part of the
estate except that allotted to them, and praying that
the partition be confirmed "or if, on final hearing, the
court should, for any cause, deem it inequitable or
improper to confirm the partition so made by said com-
missioners," that partition be made according to the
respective rights of the parties.

The circuit court held the partition by the probate
court to be void, and appointed commissioners to par-
tition the property. The commissioners allotted each
party identically the same property that was allotted
each by the action of the probate court, but they found
that the share that had been allotted to Mary Gulick
was worth $650 less than the shares that had been

allotted to her brothers and the heirs of her sister, so they provided that Mary Gulick should be allotted lands of the value of $650 out of the one third of the property allotted to the widow for life, and then recited that the remainder of said one third, after carving out $650 worth, should be divided between Mary Gulick, her brothers George and Jasper and the heirs of her deceased sister in the manner and proportions provided by the will. The commissioners did not specify the lands which were of the value of $650 which should go to Mary Gulick after the termination of her mother's life estate, nor did they attempt to allot, set apart or designate which portions of the property subject to the life estate should go to each person after the life estate ended. They contented themselves with ratifying the will by generously declaring that each should have one fourth. In fact the whole attempt to partition the one third subject to the widow's life estate is a failure and a miscarriage. The court on May 27, 1895, confirmed the report of the commissioners and made the shares of George and Jasper subject to their conveyances and mortgages thereof, and gave the bank a lien on their shares subject to the conveyances and mortgages. To this the bank objected. George and Jasper objected to the additional allowance to Mary Gulick and also to the attempted partition of the one third allotted to their mother, until after the termination of the life estate. It appeared that Mary Gulick and her husband had entered into a contract with their attorneys, Thomas & Hackney, before the beginning of the suit to pay them a reasonable fee to be fixed by the court, so that upon testimony being adduced the court allowed the attorneys $1,500, and charged it against the whole property except the one third allotted to the widow. While the case was pending George Huntley claimed his home-

stead rights as against the execution in favor of the bank. The sheriff appointed commissioners who set apart his homestead, and appraised it at $1,500. George excepted to the commissioners' action, and upon a hearing the court on May 24, 1895, set aside the report, and quashed the levy of the execution as to the land of George Huntley.

George and Jasper Huntley and the First National Bank of Carthage appealed.

I. Although the partition by the probate court had no binding force or validity, still as it was confessedly equitable, fair and just, and as the parties in interest, the adults for themselves and the father and guardian of the heirs of Rosener, acquiesced in the allotment, took possession of their respective shares, and improved them, mortgaged and aliened them at will, and this status continued from 1886 until 1895, and was never interrupted until by the outside interference of a creditor of the two sons, it constitutes a good parol partition *inter sese*, which can not be disturbed or avoided by any one who was *sui juris* during that time. *Hazen v. Barnett*, 50 Mo. 507; *Nave v. Smith*, 95 Mo. 600; *Sutton v. Porter*, 119 Mo. 100. And this is true even where one of the parties is a married woman, if it appears that it was an equitable, fair and equal division. *Sutton v. Porter*, 119 Mo. 100. Any of the parties to such a parol partition can afterward have the parol agreement confirmed by a decree in equity. *Hazen v. Barnett*, 50 Mo. 506. Any of the devisees of Ezra Huntley had a right to maintain this action to have the parol partition confirmed and upon the showing made in this case the court should have entered a decree confirming that partition. It was error to proceed *ab initio*, under the issues in this case, to partition the lands. There was no evidence whatever upon which to base the judgment that Mary

Gulick had not received her proper share.    She testified that she was satisfied and did not want the parol partition disturbed.    The petition is not bottomed upon any idea of inequality to her.    It avers that as she was denied full and complete participation in the *personal* property, it would be inequitable to permit any of the other adult parties to question the fairness or validity of the parol partition.    In fact the whole occasion of the litigation was the disturbance of the parol partition threatened by the levy of the execution against George and Jasper upon their pretended undivided interest in the whole property, and its purpose was to obtain a decree confirming the parol partition and restricting the operation of the execution to the specific property allotted by that parol partition to George and Jasper.    The circuit court should have limited its decree to this scope.    There was nothing in the petition or evidence or exigencies which authorized or justified a re-partition.    No partition, subject to the life estate, of the one third of the property allotted to the widow, was asked or contemplated.    This court has recognized the right to have partition among remaindermen during the existence of the life estate if not prohibited by the terms of the will (*Reinders v. Koppelmann*, 68 Mo. 501; *Preston v. Brant*, 96 Mo. 552; *Atkinson v. Brady*, 114 Mo. 202; *Sikemeier v. Galvin*, 124 Mo. *loc. cit.* 371); but no such question could arise under the issues in this case, and under the terms of the will of Ezra Huntley it is plain that he did not intend that the one third of his property left to his widow should be partitioned during her life, for he said "after her death the same shall be divided equally, share and share alike, between my sons and daughters," etc.

The decree attempting to make a partition in this respect is no partition at all.    It simply declares what

Gulick v. Huntley.

interest each shall have, without allotting a specific part to each. It did no more than the will had already done, and as a partition it amounts to nothing. Neither was there anything upon which to base the decree allotting Mary Gulick $650 worth of undescribed land out of the one third, to equalize her share. She had accepted the parol partition and is the plaintiff in this proceeding asking to have that partition confirmed. The decree should have been limited to the issues, and was erroneous in allowing an additional amount to Mary Gulick to be carved out of the estate in remainder.

II. The chancellor properly gave priority to the conveyances and mortgages made and given by George and Jasper over the judgment against them in favor of the bank. They were valid instruments, properly made and duly recorded. They applied to specific parts of the property allotted to them respectively by the parol partition. They were good against the grantors and all persons claiming under the grantors. The judgment in favor of the bank was subsequent in time to these conveyances. The theory of the learned counsel for the bank is that the original partition was void, that the mortgages and conveyances attempted to convey specific lands when no specific lands had been allotted to them, and that in order to be entitled to priority over the claim of the bank, the grants should have been of the undivided interest of George and Jasper in the whole property, and as they were not so framed, and as his levy was so made, the bank has obtained a priority. But as we hold that the parol partition was good, the contention of the bank necessarily fails, the execution in favor of the bank was wrongful by as much as it affected any part of the property except that allotted by the parol partition to George and Jasper, and the decree of the circuit court in fixing priority was correct.

III.    Mary Gulick and her husband contracted with their attorneys, before the suit was begun, to pay them for their services a sum to be fixed by the court, and pursuantly the court allowed $1,500 and made it a lien on all the property except the life estate of the widow.

In a suit for partition under the statute this would have been proper. R. S. 1889, sec. 7182; *Frank v. Crawford*, 14 Mo. A. 599; *Zellee v. Bobb*, 13 Mo. A. 581; *Bank v. King*, 73 Mo. 590. But this is a proceeding in equity to obtain a decree confirming a valid parol partition, and not a suit for partition under the statute. It is confirmatory and not initiative in its character. Hence the statute has no application and there was no more power in the court to allow attorney's fees and make them a lien on the land of the defendants, or even that of the plaintiffs, in this case than there is in any other proceeding at law or in equity where no statutory regulation obtains.

The judgment of the circuit court will therefore be reversed and the cause remanded with directions to enter a decree confirming the parol partition, subjecting the interests allotted to George and Jasper Huntley to their respective grants of the same and afterward to the judgment of the bank against them, subordinated to their homestead rights, if any, in the land, and restraining the enforcement of the execution against any of the property allotted to the other devisees by the parol partition.    All concur.