ZEILDA FORSEE, Respondent, v. JOHN McGUIRE et al., Appellants.

Kansas City Court of Appeals, November 28, 1904.

PARTITION: Attorneys' Fees: Statutory Construction: Plaintiff's Agreement.  Under section 4422, Revised Statutes 1899, the power of the court in a partition suit to fix plaintiff's attorneys' fee is favorably considered but not decided, since plaintiff agreed with his attorneys that the court should fix such fees, the agreement is binding under the old statute and former decisions of the Supreme Court.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*Mosman & Ryan* for appellants.

(1)  The court erred in allowing and taxing the fee in this case in favor of James F. Pitt, respondent's attorney.  There was no contract between the plaintiff and her counsel as to the amount of the fee, neither was there any stipulation filed and signed by the parties to the suit, authorizing the court to fix the fee.  It was necessary for plaintiff's counsel to show either a contract made with his client, fixing the amount of his fee, or to file a stipulation signed by the parties to be charged with the fee, authorizing the court to fix the same before the court was authorized to allow and tax

such fee. Draper et al. v. Draper et al., 29 Mo. 13; Bank v. King, 73 Mo. 591. If the court shall not agree with our construction of the statute and hold that the trial court had the authority to allow and tax the fee in this cause, we then contend that under the evidence, as shown by this record, this court ought to reduce the fee for the reason that the same is unreasonable and exorbitant for the services rendered by counsel.

*James W. Boyd* for respondent.

(1) Each contention against the allowance is based upon a misconception of what was said and done in Draper v. Draper, 29 Mo. 13, a case long since discredited by changes in the statute, where there was no pretense of a stipulation or agreement. (2) In the next case, however, cited by appellant—Bank v. King, 73 Mo. l. c. 591—it is stated that precisely such a stipulation as appears in this case would be sufficient.

ELLISON, J.—Plaintiff employed Mr. Pitt as her attorney to bring a suit in the circuit court of Buchanan county for the partition of certain real estate valued at about eighty thousand dollars. She agreed with him in writing that the court should fix his fee therein. Plaintiff owned one-fourth and the defendants three-fourths of the land. After partition was adjudged the circuit court heard evidence on the value of plaintiff's services and allowed a fee of $1,500 to be taxed as costs in the case. Defendants appealed on the ground that the court was without power to allow the fee, and that conceding the power the sum allowed was unreasonably large.

The statute affecting the question is section 4422, Revised Statutes 1899, reading as follows:

"The judge of the court in which any suit under this article may be brought shall allow a reasonable fee to the attorney or attorneys bringing the suit, and

may in like manner make a reasonable allowance to guardians *ad litem* when appointed, which fee and allowances shall be taxed and paid as other costs in the case.''

In Draper v. Draper, 29 Mo. 13, the question of authority of the court to allow an attorney's fee was passed upon, though the statute then in force is now changed. by the section just quoted which may effect the construction placed upon it in the Draper case. It must be admitted that Judge Scott, in that case, did not express himself with his usual clearness. Beginning with the second paragraph at page 16, the language used does-not convey a definite idea of what was meant, and the reasoning, as gathered from the words thus reported, is not as logical as could be desired. The authority of the court to allow the fee is combatted on the ground of the dangerous power it would put in the hands of the court over the property of non-assenting parties. A part of the language used conveys the idea that the fee should be agreed upon by the parties to the suit, ''both plaintiffs and defendants,'' since all are liable for the fee in proportion to their shares. Other language further along seems to say that an agreement between the plaintiffs only and the attorney would be sufficient. And this latter view appears to be adopted in Lucas Bank v. King, 73 Mo. 590. Yet it is obvious that if the authority to fix the fee (or to agree that the court may fix it) is to be based on the agreement of the plaintiffs only with the attorney, the defendants, with perhaps the greater share of the estate, are not allowed a voice in the matter. It seems to me clear that if it be necessary to the power of the court to allow the fee, that the plaintiff employing the attorney agrees to the fee, or agrees that the court may fix it, it would be equally necessary that the defendants also should agree to it.

The present statute (above set out) has added to the section as it existed when the Draper and Lucas

Bank cases were decided (section 65, p. 1122, Revised Statutes 1855 and p. 75 Laws of 1870). Those statutes did not contain the last clause of the present statute, "and may in *like manner* make a reasonable allowance to guardians *ad litem* when appointed," etc. That is to say, the statute now authorizes the court to make allowances to the attorney bringing the suit and to guardians *ad litem* in the same manner—that is, in the same way. It is evident that, practically, an allowance to a guardian *ad litem* (frequently a lawyer at the bar) can not be agreed upon by the parties to the suit. It would thus seem that a proper construction of the statute, as it now reads, would not require any agreement with the attorney bringing the suit in order to give authority to the court to allow a fee.

It is however not necessary that we announce that to be the construction of the present statute, since in this case the plaintiff did stipulate with her attorney that the court might name the amount of the fee and thus even under the former statute gave the requisite authority. Lucas Bank v. King, supra.

As to the amount of the allowance, we do not feel that we would be justified in overturning the view taken by the trial judge. Care and caution was used in considering the subject. Three reputable and experienced members of the bar were advised with by the court and the allowance as made is $500 less than they recommended.

The judgment is affirmed. All concur.