[Ex Parte Johnson.]

# Ex Parte Johnson.

## Mandamus.

(Decided June 18, 1915.　69 South. 603.)

1. *Dismissal and Non-Suit; Proceedings to Dismiss; Order.*—The filing of an application to dismiss a bill after answer or cross bill, by the complainant under section 3123, Code 1907, does not ipso facto take the cause out of the court, and is ineffectual to dismiss the cause until acted upon by the register in entering an order of dismissal.

2. *Same; Withdrawal.*—An applicant may withdraw his application to dismiss his cause, filed after answer or cross bill, under section 3123, Code 1907, at any time before an order of dismissal has been entered.

3. *Estoppel; Judicial Proceeding.*—Where a respondent objected to the entering of an order on an application for dismissal, made by complainant after answer and cross bill, such respondent is estopped to complain of the withdrawal of said application for dismissal on the ground that he may be required to pay costs previously accrued, which on dismissal would be taxable against complainant.

ORIGINAL petition in Supreme Court.

Petition by Angie Johnson for mandamus to the Honorable James E. Horton, Jr., Special Chancellor, to require him to strike from the docket a certain cause therein pending against petitioner. Writ denied.

SANDERS & THACH, for appellant.

M. K. CLEMENTS, for appellee.

SAYRE, J.—This is an original application to this court for a writ of mandamus commanding the special chancellor to make an order dismissing a certain cause heretofore pending in the chancery court of Limestone county, or to make an order directing the register to strike said cause from the docket as having been previously dismissed by the complainant.

After the bill had been answered, complainant made a written application to the register to have the cause dismissed in pursuance of section 3123 of the Code. At this time the register advised the complainant that he had been notified by counsel for defendant that he desired to be heard on complainant's application for a dismissal, which defendant had anticipated. Subsequently, and on the same day, but before the register had entered an order of dismissal on the minutes, complainant filed in writing his withdrawal of his said application for a dismissal of the cause. This, it seems, was with the register's consent. All this was in vacation. In the meantime complainant had begun a proceeding for the same relief in another court. But, on the same day with the proceedings in respect of a dismissal of the cause in the chancery court, complainant dismissed his proceeding in the other court, and then sought to proceed in his bill as originally filed in the chancery court. At a still later day the cause came on for hearing before the chancellor, when defendant, petitioner here, moved for an order directing the register to strike the cause from the docket, on the ground that it had been dismissed out of court. This motion was overruled, and this proceeding followed.

Section 3123 is as follows: "Before an answer or cross-bill is filed, the complainant may, on application to the register in vacation, dismiss the suit. On such application, the register must enter on the minutes an order of dismissal; and may issue execution against the complainant for all costs which have accrued. After answer or cross-bill filed, the complainant may, on application to the register in vacation, dismiss the suit; and the register must enter an order of dismissal on the minutes. But the defendant, at the next succeeding

term of the court, may show cause against the dismissal, and procure a vacation of the order. If cause is not shown at the next succeeding term, the order is final; and execution may issue against the complainant for all costs which have accrued." ·

(1-3) The question presented may be thus stated: Did the filing of the application ipso facto take the case out of court, or did the complainant have a locus poenitentiae until an order of dismissal was entered on the minutes? It is necessary, of course, that any order disposing of the cause should be made a matter of record. It would be quite impossible that orders and decrees of that character should rest in parol, or upon the evidence of loose papers. Hence the statute in question provides that upon the complainant's application the register must enter an order of dismissal. The cause is not automatically dismissed upon the filing of the application. The application becomes effective only when the register acts upon it by entering an order of dismissal upon the minutes as the statute requires. The register's act operates to dismiss the cause. It is the register' duty ordinarily to make the entry, and the complainant on proper showing to the court may compel the register to perform his duty, or the court, avoiding circuity, may dismiss the cause. But, on principle, the application in and of itself accomplishes nothing, and we see no reason why the complainant may not withdraw his application at any time before the order of dismissal is entered upon the minutes, peculiarly so when, as in this case, the order is not entered because of the defendant's objection. The only detriment that could come to the defendant by this course is that in the event of complainant's ultimate success he (defendant) may be required to pay the costs previously ac-

crued which are taxable against complainant when his application is made effectual according to the statute. But defendant in this case is estopped to complain on that score by reason of the fact that he in substance objected to the dismissal by serving notice that he desired to be heard against the application. We are of opinion that the special chancellor ruled correctly, and that the writ should be refused.

Mandamus denied.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.