(108 So. 375)

**BELL v. BELL. (7 Div. 595.)**

(Supreme Court of Alabama. March 25, 1926. Rehearing Denied May 13, 1926.)

**1. Attorney and client ⬥172—Statute giving attorney lien on suit changes previous public policy in so far as it deprives party of control over lawsuits (Code 1923, § 6262).**

Code 1923, § 6262, giving attorney a lien on subject-matter of suit, changes previous public policy in so far as it deprives party of control over lawsuits and authorizes intervening attorney to continue litigation to establish amount of his fee and enforce its collection.

**2. Divorce ⬥221.**

Any claim of counsel for wife in suit for divorce and alimony to be paid for services by husband must rest on general principles of equity, and not on Code 1923, § 6262.

**3. Divorce ⬥197—Right of attorney for wife suing for divorce to be paid for services by husband is limited to services rendered in good faith before receiving notice of reconciliation.**

Right of attorney for wife suing for divorce to be paid for services by husband is limited to services rendered in good faith before receiving notice of reconciliation and resumption of marital relations.

**4. Attorney and client ⬥76(1)—Reconciliation of parties within a week after wife filed suit for divorce held withdrawal of her attorney's authority to proceed to take decree pro confesso against husband.**

Where wife filed suit for divorce and alimony the day after separation, and within a week parties became reconciled and were living together, of which wife's attorney had direct notice, attorney's authority to proceed was thereby withdrawn, and his subsequent taking of decree pro confesso against husband was unauthorized.

**5. Divorce ⬥221.**

Wife suing for divorce and alimony is not entitled to counsel fees as matter of right, but she must make prima facie showing on proper hearing.

**6. Divorce ⬥226.**

Order for ex parte reference to determine propriety of allowing temporary alimony and counsel fees and amount thereof is not an adjudication of right to allowance.

**7. Divorce ⬥221—Right of attorney for wife suing for divorce to recover counsel fees from husband is derivative and cannot arise where wife by her act cuts off claim thereto, and not until order allowing suit money at husband's expense is made at proper hearing does attorney's equity arise.**

Allowance of attorneys' fees to wife suing for divorce and alimony is solely for wife's benefit, and proceeding therefor must be in her name, and her attorney's right to fee is derivative and does not arise if wife by her act cuts off claim thereto, and not until order allowing suit money at husband's expense is made on proper hearing does attorney's equity arise to have it applied in payment of his services.

**8. Divorce ⬥197.**

Public policy forbids reopening of grounds of divorce after reconciliation for purpose of allowing attorney's fees against husband.

**9. Costs ⬥172.**

In absence of contract, statute, or recognized ground of equity, there is no inherent right to have attorneys' fees paid by opposing side.

**10. Divorce ⬥197.**

Attorney cannot render service to wife in divorce suit on faith of having husband pay for it except on conditions authorizing allowance thereof, among which is possibility of reconciliation.

**11. Divorce ⬥229.**

When allowance for attorneys' fees has been awarded, it is still subject to court's control to be reduced or increased as case develops.

**12. Attorney and client ⬥76(4)—Where wife filed formal notice of reconciliation and abandonment of suit for divorce, her attorney was without authority thereafter to proceed in her name to execute a reference for allowance of temporary alimony and counsel fees.**

Where wife suing for divorce filed formal notice of reconciliation and abandonment of suit and disclaimed any demand for an allowance, her attorney was without authority thereafter to proceed in her name to execute a reference for allowance of temporary alimony and counsel fees.

**13. Divorce ⬥139—On wife's application to dismiss her divorce suit, it was register's duty to enter order of dismissal and to proceed no further with reference for alimony and counsel fees, and, failing to do so, court should have entered such order (Code 1923, § 6555).**

Code 1923, § 6555, entitling complainant in equity to have order of dismissal entered by register on application, applies to divorce suits, and, where wife suing for divorce filed application to dismiss, it was register's duty to enter order of dismissal and proceed no further with reference as to allowance of alimony and counsel fees, and, failing to do so, court should have entered such order.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

14. **Mandamus** ⬦═▷4(4) — **Where counsel fees were allowed to wife's attorney after reconciliation, husband's remedy was by mandamus and not appeal.**

Where counsel fees were allowed after reconciliation to attorney of wife suing for divorce, husband's remedy was by mandamus and not appeal.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Bill in equity by Mollie A. Bell against William A. Bell. From a decree allowing attorney's fee for complainant's solicitor, respondent appeals and applies for mandamus. Appeal dismissed; mandamus granted.

Inzer & Inzer and Dortch, Allen & Dortch, all of Gadsden, for appellant.

The court had no power to allow attorney's fees after the suit had been discontinued by the wife. Her return to her husband and abandonment of the suit stripped the court of all power to allow attorney's fees in the case. 1 R. C. L. 915; Grimstad v. Johnson, 61 Mont. 18, 201 P. 314, 25 A. L. R. 351; 19 C. J. 233, 231, 228; Coleman v. Coleman, 198 Ala. 229, 73 So. 473; Bulke v. Bulke, 173 Ala. 138, 55 So. 490; Brindley v. Brindley, 121 Ala. 429, 25 So. 751.

W. J. Boykin, of Gadsden, for appellee.

Complainant's solicitor had a lien upon the cause of action, and had the right to proceed therewith, notwithstanding settlement by the parties. Code 1923, § 6262; Fuller v. Lanett, 186 Ala. 117, 65 So. 61.

BOULDIN, J. Reduced to brief and simple phrase, the question presented is: Where a wife brings suit for divorce and alimony, obtains an ex parte order of reference to ascertain a proper allowance for temporary alimony and counsel fees, and pending such order the husband and wife become reconciled and resume cohabitation, can the court proceed, at the instance of her counsel and after the filing of a request by the wife for dismissal of the suit, disclaiming any wish for such allowance, to execute the reference and grant a decree against the husband for counsel fees?

Appellee seems to place main reliance upon our statute, section 6262 of the Code of 1923, giving an attorney a lien on "suits * * * for money," denying the parties the right to "satisfy said suit" until the lien is satisfied, and giving the attorney power over such suit to enforce his lien.

We cannot sustain this construction of the statute. A suit for divorce deals with the marriage relation; the claim for alimony with the duty of maintenance growing out of that relation. Suit money, including expenses of obtaining counsel for the wife, is incident to the suit. Allowance of counsel fees payable by° the husband is for the benefit of the wife without means of her own, putting her in like position with the husband in the conduct of the suit.

[1] The statutory lien attaches to the subject-matter of the suit, enforceable against the recovery. In cases to which it applies, it is a change of the public policy theretofore obtaining in so far as it deprives the parties of control over lawsuits, and authorizes an intervening attorney, to continue the litigation for the purpose of establishing the amount of his fee and enforcing its collection. Western Ry. Co. v. Foshee, 183 Ala. 182, 62 So. 500; Fuller v. Lovett Bleaching Co., 186 Ala. 117, 65 So. 61; Denson v. Alabama F. & I. Co., 198 Ala. 383, 73 So. 525.

It is not for us to determine the wisdom or sound policy of thus extending the attorney's lien so as to make him a party in interest in the suit itself; but we are fully convinced there was no purpose to overturn a settled public policy so long established and so favored in the law as that which looks to the conservation of family life and the restoration of relations between husband and wife unhappily broken. To continue the prosecution of a divorce suit after the parties have composed their differences, condoned marital sins, and are making a bona fide effort to end the criminations which bring so much reflection upon themselves and their children, to permit the opening up of such matters for the purpose of fixing attorneys' fees, is out of keeping with the fitness of things. If our statute applies, and fees are to be based on the responsibility, the labor, and results of the suit, there is involved at once the issue as to grounds of divorce, the condition of the husband's estate, and the extent of blame on both sides, as going to the amount of alimony.

[2] We hold that any claim of counsel for the wife in suits for divorce and alimony, or either, to be paid by the opposite party, must rest upon general principles of equity, and not on the statute.

[3, 4] Dealing with the case on equitable principles, we hold that in all events such fees must be limited to services rendered in good faith before the attorney has notice of reconciliation and resumption of marital relations. Here, it is without dispute that the wife filed her suit the next day after separation, without time for reflection and for the reaction which often comes to both parties after husband and wife have lived together and reared a family. Within a week thereafter they had become reconciled and were living together. Of this her attorneys had direct notice. This, without further instruction, was notice of abandonment of the divorce suit; indeed, the abrogation of the cause of action by condonation. Without express orders to dismiss the suit, it was a withdrawal

of further authority to proceed, and the subsequent taking of a decree pro confesso against the husband could only be supported by the assumption that the case was within the statute.

Coming to the main question as to when the attorney for the wife in his own right may have his fees paid by the husband, the litigation having ended by a reconciliation of the parties, we find the authorities sharply divided.

The views in favor of such allowance are well expressed in Fullhart v. Fullhart, 109 Mo. App. 705, 83 S. W. 541, as follows:

"We know of no principle of law by which a woman who has a meritorious cause of action for divorce employs an attorney to institute and prosecute such an action can, after it has been instituted and carried on for some time, deprive him of his right to compensation for the services so rendered in that action by a reconciliation with her husband followed by a resumption of cohabitation. It would seem that upon the clearest principles of common honesty as well as law that an attorney in such a predicament ought to be compensated for the services rendered and that the wife should be allowed suit money for that purpose."

We may note here that in the above case evidence had been heard on the motion before the reconciliation, and there was no actual motion of the wife to dismiss the suit until after the decree making the allowance. A like distinction is drawn in Beaulieu v. Beaulieu, 114 Minn. 511, 131 N. W. 481.

The decisions in Kentucky to similar effect are influenced by statute. Powell v. Lilly, 68 S. W. 123, 24 Ky. Law Rep. 193.

In Kiddle v. Kiddle, 90 Neb. 248, 133 N. W. 181, 36 L. R. A. (N. S.) 1001, Ann. Cas. 1913A, 796, stress is laid on the fact that a motion for allowance of attorneys' fees had been made, set down for hearing, and continued to a later date at the instance of the husband, and meantime a reconciliation was effected. Criticizing the doctrine of other states, the court said:

"We think it is just as much the duty of the courts to compel honesty and fair dealing on the part of a man who has had trouble with his wife, as it is to promote a peaceful adjustment of his marital difficulties. We think the reasoning of Mr. Chief Justice Cole in Sumner v. Sumner, 54 Wis. 642 [12 N. W. 21], is probably nearer the mark, viz.: 'It may be a salutary admonition to him to govern himself and regulate his conduct in future, if he is required to pay the amount adjudged by the court below.'"

The opposing doctrine is based upon several considerations. Among them is the view that the allowance is solely for the benefit of the wife, that the abandonment of the suit cuts off her right to an allowance, and the right of the attorney being derivative merely is also cut off; and, again, that the right of the wife is not absolute; but arises only upon a suit brought by her in good faith upon probably just grounds, not oppressively, and when she is without personal means to assert her rights; that a reconciliation is a prima facie admission there was no ground of divorce, that it is against public policy, after reconciliation, to enter into an inquiry as to the merits of the suit in the interest of counsel tending to reopen the breach and to air the family troubles; and, finally, that the wife has the unqualified right to dismiss her suit, after which no orders can be made.

In Reynolds v. Reynolds, 67 Cal. 176, 7 P. 480, the court said:

"When the husband and wife forgave and were forgiven, and abandoned their criminations and recriminations, the attorneys had but to gather up their briefs and retire."

In Kuntz v. Kuntz, 80 N. J. Eq. 429, 83 A. 787, it is said:

"The reconciliation between the parties has abrogated the cause of action, and the suit as a legal proceeding no longer exists. It is true that it has not been formally ended by a dismissal of the bill, but it is likewise true that neither party can take any adverse step in the cause, for the reason that no cause of action exists. The present motion is by the counsel for the wife, but it is made in her behalf, because all proceedings of this nature must be in favor of the wife, and all costs and counsel fees which are awarded in the suit must be awarded to her, and only she can proceed in her own name for costs and counsel fees or prosecute the husband for disobedience of an order in relation to the same. To permit a motion of this sort to be prosecuted on behalf of the wife against her husband, after they have been reconciled to each other and have resumed cohabitation and are living together in a state of amity, would be an anomaly. It would be continuing the litigation after the parties had put an end to it, and would have a tendency to break up the reconciliation and cause a resumption of the litigation. * * * The wife by returning to her husband, and the resumption by them of their wonted marital relations, has ended all litigation between them, and has rendered it impossible for this court to make any adverse order in the cause or perhaps any order whatever except an order dismissing the bill."

The basic inquiry in the cases leading to conflict of authority is whether by statute or otherwise a right, legal or equitable, has accrued to the attorney himself as against the husband in the particular case. In note to Grimstad v. Johnson, 25 A. L. R. 354 et seq., is a full review of authorities on the liability of the husband by independent action. In notes to Kiddle v. Kiddle, Ann. Cas. 1913A, 796, and 36 L. R. A. (N. S.) 1001, the cases are reviewed pro and con on the authority of the court to award counsel fees in the divorce proceeding after a reconciliation. See, also, Humphries v. Cooper, 55 Wash. 376, 104 P. 606, 133 Am. St. Rep. 1036; Gordon v. Brackey, 143 Iowa, 102, 120 N. W. 83, 136 Am. St. Rep. 751; Anderson v. Steger, 173 Ill.

112, 50 N. E. 665; Chase v. Chase, 29 Hun, (N. Y.) 527; Wick v. Beck, 171 Iowa, 115, 153 N. W. 836, L. R. A. 1915F, 1162, Ann. Cas. 1917A, 691; Thompson v. Thompson, 3 Head (Tenn.) 527; 19 C. J. p. 231; 1 R. C. L. pp. 64, 65, § 64.

In studying the lead of our own cases, the following rules have been announced:

The power of the court to award the wife's counsel fees is incident to the divorce suit. On the death of the husband, abating the divorce suit, the court could take no cognizance of a claim for such fees, and no separate cause of action therefor survives. Hence the administrator was not entitled to credit for fees paid out of the husband's estate. Pearson v. Darrington, 32 Ala. 253.

Temporary alimony for the maintenance of the wife pending suit for absolute divorce is a matter of right under the statute. The only issue on the question of allowance vel non is the existence of the marriage relation. Rast v. Rast, 113 Ala. 319, 21 So. 34; Ex parte Jones, 172 Ala. 186, 55 So. 491.

"Our statute does not specifically provide for an allowance for attorney's fees. The propriety of allowing for the same must be governed by the general principles of the law, according to which such allowances depend upon the good faith of the proceedings, the probability of success, etc. 14 Cyc. 749, 753, 754, et seq., 761, 762; Brindley v. Brindley, 121 Ala. 429, 431, et seq., 25 So. 751." Bulke v. Bulke, 173 Ala. 141, 55 So. 490; Coleman v. Coleman, 198 Ala. 229, 73 So. 473; Ex parte Eubank, 206 Ala. 8, 89 So. 656.

[5-7] Allowance for counsel fees is thus settled in this state not to be a matter of right. The wife must make a prima facie showing on proper hearing. It is convenient to have reference touching temporary alimony and counsel fees of the same time to save expense. Alimony pendente being a matter of right if the marriage relation exists, the custom has grown to order an ex parte reference for the purpose of a hearing upon both as to the propriety of an allowance and the amount thereof. Such order of reference is not an adjudication of the right to an allowance. The attorney has no separate equity, but must derive it from that of his client. The proceeding must be in her name for her benefit. When by her act she cuts off all claim to such allowance the right of the attorney cannot arise. Not until an order allowing the wife suit money at the expense of the husband is made, upon proper hearing, does the equity of the attorney arise to have it applied in payment of his services.

[8-12] We are fully in accord with the view that public policy forbids the reopening of the grounds of divorce after reconciliation for the purpose of allowing attorneys' fees against the husband. There is no inherent right to have attorneys' fees paid by the opposing side in the absence of contract, statute, or recognized ground of equity. The attorney cannot render service for the wife in a divorce suit upon the faith of having the husband pay for it, save on the conditions authorizing the allowance. Among these conditions is the possibility of reconciliation, even the hope thereof, which it is the common duty of all to promote. When an allowance for attorneys' fees has been awarded, it is still subject to the control of the court to be reduced or increased as the case develops; and in case of reconciliation should be reduced to services rendered prior to that time. On the day the taking of evidence on the reference began, the complainant in this cause filed in the case her formal notice of reconciliation and abandonment of the suit, and disclaimed any demand for an allowance. Her attorney was without authority thereafter to proceed in her name to execute a reference. Moreover, pending the reference, complainant filed her petition praying that the cause be dismissed out of court; and later filed her formal protest against further proceedings, with an offer to pay into court for the use of her attorneys the sum of $200 for services rendered on her behalf.

[13] It is the right of the complainant, in a bill in equity, on application, to have an order of dismissal entered by the register. Code, § 6555. This statute applies to bills of divorce as to other causes. On the filing of the wife's application to dismiss, it was the duty of the register to enter the order of dismissal and proceed no further with the reference. Failing so to do, the court should have entered such order when brought to his attention. Ex parte Johnson, 194 Ala. 565, 69 So. 603.

[14] The cause is submitted on appeal, with alternative motion for mandamus. Mandamus is the proper remedy, and the appeal must be dismissed.

Upon the advice of this opinion, the court below will enter an order vacating his decree allowing attorneys' fees, and dismissing the suit out of court.

Appeal dismissed; mandamus granted.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.