170 So. 198

## ATKINSON v. ATKINSON.

### 7 Div. 354.

Supreme Court of Alabama.

Oct. 15, 1936.

L. B. Rainey, of Gadsden, for appellant.

126

McCord & McCord and Goodhue & Lusk, all of Gadsden, for appellee.

BOULDIN, Justice.

This proceeding originated in the issuance of a writ of garnishment to collect a decree for separate maintenance. This decree had been rendered in favor of the wife, this appellant, on October 16, 1933, more than a year before suing out the writ of garnishment.

The husband, appellee here, filed a motion to quash the writ of garnishment. Demurrer to this motion being overruled, an answer was filed thereto. Later, appellant filed a motion requesting "that this court determine the exact amount due to complainant by respondent under said decree."

On the issues presented by the motion to quash the writ of garnishment, the answer thereto, and this motion or request made by complainant, the court heard the testimony orally in open court.

By the decree of October 16, 1933, appellant, in her suit for separate maintenance, was adjudged and decreed permanent alimony in the sum of $150 per month.

A special decree was entered for the amount already accrued for the three-month period, beginning with the filing of the bill, July 14, 1933, and ending October 14, 1933, and directed that execution issue therefor.

On the final hearing in the present proceeding, the trial court held the wife entitled to collect this sum of $450 with interest thereon, but not entitled to collect any further sum for monthly installments accruing subsequent to the decree of October 16, 1933. Appropriate decrees followed this holding.

Complainant appeals, assigns errors, and respondent presents cross-assignments of error.

Appellant insists she is entitled to collect the monthly installments as decreed from the date of the decree, October 16, 1933, to the suing out of the writ of garnishment, December 12, 1934, less certain payments or credits thereon conceded by appellant. Indeed, it seems to be insisted that the alimony decree is still in force.

The argument is that a decree for permanent alimony, without divorce, rendered on a bill averring all jurisdictional facts, followed by decree pro confesso, reference to and report by the register, and supported by evidence before the register, is conclusive and final as to the amount of alimony and the time it is to run, until modified or vacated by further decree of the court; that all installments matured and payable prior to the institution of proceedings to modify or vacate are fixed, constitute a vested estate in complainant, not subject to alteration by the court.

This is the well-established rule in case of alimony payable in installments in connection and following a decree of absolute divorce. Epps v. Epps, 218 Ala. 667, 120 So. 150.

■ There are well-marked differences between a decree for alimony on dissolution of the bonds of matrimony, and one for separate maintenance without divorce.

The former is an absolute adjudication of the property rights of the wife in the estate

of the husband. Under modern practice, as pointed out in Epps v. Epps, supra, an allowance may be in the form of monthly installments running into the indefinite future, payable from the future income of the husband in lieu of the maintenance to which the wife would be entitled but for the divorce. Hence our present rule permitting a modification of such decree as to unmatured installments because of change in the husband's financial condition, whether power so to do be expressly reserved in the decree or not. Adams v. Adams, 229 Ala. 588, 159 So. 80.

■ Decree for separate maintenance is to provide for the wife while the relation of husband and wife still exists, but for the time is living apart from the husband without fault on her part. Such relief depends upon the lawful relation of husband and wife, looks to a reconciliation and resumption of the family relation in which maintenance shall be provided in the usual way. Hence a decree of divorce terminates the right to separate maintenance. Harrison & Saunders v. Harrison, 20 Ala. 629, 56 Am. Dec. 227; 30 C.J. p. 1076; Id. p. 1095, § 914.

In the Harrison Case, supra, a decree for separate maintenance had been rendered in another state. On granting a divorce in Alabama, it was held the right to separate maintenance terminated with the decree of divorce, not dependent on an order of the court in the other state vacating its decree for separate maintenance.

■ In the instant case there was a decree of divorce for complainant on the cross-bill in a separate suit with no decree for alimony. This ended the duration of the decree for separate maintenance from and after its rendition several weeks before the garnishment was sued out.

But a more important inquiry relates to the installments maturing prior to the decree of divorce.

In pleading and proof is presented the question of reconciliation, living together, and maintenance by the husband in the home.

The husband insists that at the time of the decree of October 16, 1933, they had already become reconciled, were living together, and they so continued until March, 1934, when another separation ensued not due to his fault, and followed by such support as was reasonably due. He testifies that the decree was rendered without his knowledge, and after he had reason to believe the suit was abandoned. The wife denies this, questions the good faith of the husband in returning to his family, etc. This issue of fact concerns more directly a phase of this appeal to be considered later.

■ Reconciliation, resumption of the family relation, ending the living apart as a basic fact on which separate maintenance is decreed, terminates the right to separate maintenance theretofore decreed. Keezer on Marriage and Divorce, § 655.

So, also, the right to continued separate maintenance may be forfeited by the wife for her misconduct, as, for example, adultery.

The authorities are at variance as to whether such matters may be set up in proceedings by the wife to collect as per the decree, or solely in a proceeding to vacate the decree. 30 C.J. p. 1095, § 914.

It cannot be said that such acts of the parties outside of court can ipso facto vacate the decree. Condonation by receiving the delinquent husband back, as in other cases, is conditional, and on another separation without the wife's fault the original cause of action is revived.

■ But the question here is, if in such later separation the wife was not without fault, or was guilty of adultery, both of which issues are presented on conflicting evidence, and for many months no demands were made under the decree, and finally divorce is granted, and the husband thereupon ceases to contribute to the wife's maintenance, whereupon the wife proceeds to enforce her decree, is the husband precluded from showing such facts as terminating her rights under the decree, because no proceedings had been taken to vacate the same?

We are of opinion the nature of such decree, its purpose and implied duration, differentiate it from cases of alimony after divorce involving a vested property right to all installments accruing before modification of the same.

Certainly on a proceeding of this kind the husband can show satisfaction in whole or in part of the demand to the date of divorce. As above shown, it seems unquestioned that divorce terminates all rights for future maintenance under such decree, although no proceeding be had to vacate.

A decree of this sort is held not a "judgment" within the full legal import of the term (30 C.J. p. 1096, § 915); and cases stressing the point that acts of the parties

do not ipso facto terminate the operation of the decree still assert that on a proceeding to enforce accrued installments the court is not bound to award the full amount, but on the facts, as they then appear, determine for what sum, if anything, the decree should be enforced. Knapp v. Knapp, executrix, 134 Mass. 353; McIlroy v. McIlroy, 208 Mass. 458, 94 N.E. 696, Ann.Cas.1912A, 934, 936, and note 937.

We are of opinion, on sound principle, a court of equity in a proceeding to enforce such decree may and should consider all equities arising since the rendition of same, and determine on principles of justice and equity what, if anything, the husband should be required to pay. The burden in such case is on the husband to show why he should not pay as per the original decree. This is in accord with well-settled principles applicable to decrees generally, whereby, because of subsequent events, the enforcement thereof should be superseded. Henderson v. Planters' & M. Bank of Ozark, 178 Ala. 420, 59 So. 493.

Cases have frequently arisen on a tender of reconciliation by the husband, and his right to a termination of separate maintenance on the refusal of the wife to renew the family relation. Such cases present difficult issues touching the good faith of the husband, and many other issues going to the propriety of the wife's refusal, etc.

The behavior and motives of parties are more easily appraised after, than before, reconciliation.

If the wife receive back the repentant husband, and he be required to proceed to have an existing decree for separate maintenance vacated to avoid liability thereon as a continuing decree, such procedure would naturally confirm any doubts of the wife as to his good faith, and reopen the family troubles.

Sound public policy dictates that all reasonable inducements to a reconciliation remain, and no arbitrary rules stand in the way. Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A.L.R. 935.

The testimony took a wide range. Without any review of details, we are of opinion that the finding of the court on testimony heard orally before him should not be disturbed, and his decree disallowing complainant's claim for separate maintenance after the rendition of the decree of October 16, 1933, should be affirmed.

Appellee on cross-appeal challenges the decree enforcing complainant's decree for the $450 decreed to be absolutely due when the decree of October 16, 1933, was entered.

Suffice to say that decree adjudicated all the facts and conditions on which such allowance was awarded.

The case of Bell v. Bell, supra, is relied upon by appellee as authority for the proposition that the entire decree was void from the date of its rendition because the parties were then living together, and no basis for separate maintenance existed in fact. The Bell Case is not in point. There, it appeared of record the parties had become reconciled, resumed cohabitation, and the complainant had notified her counsel not to further prosecute the divorce suit, but her attorney nevertheless proceeded on his own behalf to prosecute the case to a decree against the husband for counsel fees.

Here there is no question that the wife prosecuted the suit to a decree. This decree adjudicated the very question of living apart during the three-month period involved.

If we treat the motion of appellee, though styled a motion to quash the garnishment, as presenting matter in the nature of a bill of review for fraud, etc., the finding of the court on the conflicting evidence upon such issues will not be disturbed.

Affirmed on direct and cross appeals.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.