50 So.2d 747

**STATE ex rel. ATTORNEY GENERAL**
**v. HAWKINS.**

**6 Div. 115.**

Supreme Court of Alabama.

Feb. 15, 1951.

A. A. Carmichael, Atty. Gen., and Wm. H. Burton, Jr., Asst. Atty. Gen., for petitioner.

Wilkinson & Skinner, of Birmingham, for respondent.

STAKELY, Justice.

This is an original petition to this court by the State of Alabama for a writ of mandamus to compel the Hon. Eugene H. Hawkins, as Judge of the Circuit Court of Jefferson County, Alabama, sitting in equity, to dismiss what is claimed to be an illegal tax appeal from certain income tax assessments made by the State Department of Revenue against John W. McCraney. The case is submitted here on the petition and the answer of Judge Hawkins.

On June 5, 1947 the State Department of Revenue gave seven notices of assessments of additional income taxes against the taxpayer John W. McCraney for the years 1937 to 1944, inclusive. The notices set July 3, 1947 as the day for hearing such assessments. Pursuant to § 407, Title 51, Code of 1940, the taxpayer protested the additional assessments. On July 3, 1947 the State Department of Revenue made an order reciting, "This cause in the form of income tax assessments for the years 1937 to 1944 inclusive dated June 5, 1947, set for hearing July 3, 1947, continued until July 16, 1947." From time to time the State Department of Revenue made a similar order of continuance in each order referring to the matter as "this cause." When the hearing was finally held all the claims were tried in one case, the evidence being taken as one case. The State Department of Revenue then made final assessments for additional taxes for the years 1937 to 1944 inclusive with a fifty percent penalty added for each year. On June 11, 1948, notice of appeal was given the State Department of Revenue and the taxpayer filed with the Register of the Circuit Court of the 10th Judicial Circuit, in Equity, a supersedeas bond in the sum of $11,321.22, in the language of § 140, Title 51, Code of 1940, being "double the amount of the taxes payable to the State of Alabama, conditioned to pay all taxes, interest and costs due the state."

On July 9, 1948 the State of Alabama by the Department of Revenue filed a plea in abatement with the Register of the court claiming that the appeal should be abated on the ground that the taxpayer had not perfected his appeal and that the court was without jurisdiction to entertain the appeal. On May 30, 1950 the Hon. Eugene H. Hawkins, Judge of the Circuit Court of the 10th Judicial Circuit, in Equity, entered a decree denying the plea in abatement. This is the ruling which the present petition seeks to vacate, the state taking the position that in order to perfect the appeal seven separate supersedeas bonds should have been filed and not one appeal bond covering the entire amount of taxes claimed by the state.

In his answer the Judge said: "* * * the Court is of the opinion that there has been a substantial compliance by the Appellant with the provisions of Sec. 140, Title 51, Code of 1940 in that the Appellant has filed bond to cover the amounts of the final assessments for each of the years in question; that a single protest was filed with the State Department of Revenue covering all the years in question, to show cause why the assessment should not be made final; that one order of continuance covering all the years in question was made by the State Department of Revenue for each continuance of the hearing of said protest; that the hearings for all the years in question were consolidated by the State Department of Revenue but that a separate order making final the assessment for each year was entered; that a multiplicity of suits has been eliminated by filing one notice of appeal and one bond on

behalf of the Appellant and the Court is of the opinion that such action was proper under the circumstances, therefore, the Court being of the opinion that the Plea in Abatement of the Appellee is insufficient; * * *."

We agree with Judge Hawkins. It appears to us that the seven separate assessments were consolidated into one cause by the State Department of Revenue and tried as one cause by the State Department of Revenue. We, therefore, think that the requirements of § 140, Title 51, Code of 1940, have been complied with. The law favors the consolidation of causes. Twice the legislature has spoken on this subject in what are now §§ 221 and 259, Title 7, Code of 1940. The purpose of consolidating causes is (1) to avoid multiplicity of suits, (2) to guard against oppression and abuse and (3) to save unnecessary cost and expense. Ex parte Green, 221 Ala. 415, 129 So. 69. We think that where the State Department of Revenue consolidated the cases and tried them on a consolidated basis, estoppel precludes a change of position to the detriment of the taxpayer. Ex parte Johnson, 194 Ala. 565, 69 So. 603, 604; Beecher v. Henderson, 4 Ala.App. 543, 58 So. 805, 806. It should be noted that on appeal the court under § 140, Title 51, Code of 1940, is authorized to "hear such appeals according to its own rules and methods or procedure so far as practical and shall decide all questions both as to the legality of the assessment and the amount thereof." Since we think the jurisdiction of the court has been invoked, the court has full authority to try the cases as one on appeal and determine the taxpayer's liability as in one cause. State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 11 So.2d 342; State v. Pollock, 251 Ala. 603, 38 So.2d 870, 7 A.L.R.2d 757.

It should be further noted that the bond which was filed fully protects the state as to all taxes, interest, penalties and costs which are claimed by it.

The writ must be denied.

Writ denied.

FOSTER, LIVINGSTON and LAWSON, JJ., concur.