# Beach v. Lavender Bros.

*Application for Common Law Writ of Certiorari to Justice of the Peace.*

1. *Judgment of justice of the peace; return of verdict of jury void as judgment; common law certiorari.*—Where a case is tried in a justice of the peace court by a jury, and upon the submission of the cause the jury returns, "We the jury find for the plaintiff and render judgment for twelve and 10-100 dollars and costs," which is signed by one of their number as foreman, and upon this return no judgment is entered upon his docket by the justice of the peace as required by the statute, (Code, § 2688), but the jurors' deliverance is transcribed on to the justices's document as a judgment, such entry on the justice's docket does not constitute a judgment, and the defendant

[Beach v. Lavender Bros.]

in such case is entitled to the common law writ of *certiorari* to have such supposed judgment quashed; there being no other adequate remedy.

2. *Same; same; same; sufficiency of petition for certiorari.*—Wherein a petition for the common law writ of *certiorari*, to have quashed a supposed judgment in a justice of the peace court, it is averred and shown by the transcript from the justice's docket attached as an exhibit to the petition, that the trial in the cause wherein the supposed judgment is rendered was by a jury without the cause having been first tried and judgment rendered therein by the justice, and an appeal therefrom being taken to a jury, and that the return of the jury was transcribed on to the justice's docket as a judgment and remained there to be executed by the justice, such petition is sufficient to authorize the issuance of the common law writ of *certiorari* prayed for, although it fails to deny that the defendant owed the debt for which he was sued, or fails to aver that it had a common defense to the action.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHARLES A. SENN.

The facts of the case are sufficiently stated in the opinion.

JOSEPH T. COLLINS, JR., for appellant.—The demurrers to the petition should have been overruled.—*Independent Publishing Co. v. American Press Asso.*, 102 Ala. 475.

JOHN H. MILLER, *contra.*—If the defendant appeared at the jury trial, he waived all irregularities.—*Samply v. Beavers*, 25 Ala. 534; *Thompson v. Lea*, 28 Ala. 454; *Gager v. Gordon*, 29 Ala. 344; *Thompson.v. Clopton*, 31 Ala. 648.

Common law *certiorari* was never a writ of right. It addresses itself to the sound discretion of the court when it is made to appear that *injustice* has been or may be done. It is never granted unless substantial justice is called for.—3 Amer. & Eng. Ency. of Law, page 63; *Duggen v. McGruder*, 12 Amer. Dec. 527; *State v. Kinnen*, 61 Wis. 494; *Cobb v. Lucas*, 15 Pick. 1 to 7; *Gage v. Supervisors*, 47 Michigan, 167.

[Beach v. Lavender Bros.]

McCLELLAN, C. J.—Lavender Bros. sued Beach in a justice court for a sum of money within the justices jurisdiction alleged to be due by account. Defendant was duly served and appeared by attorney. The cause was tried by a jury in the first instance, that is, without having been tried and judgment rendered by the justice and appeal therefrom to a jury. The jury made the following deliverance in writing: "We the jury find for the plaintiff, and render judgment for twelve and 10-100 dollars and costs. R. C. Burns, Foreman." No judgment was entered upon his docket by the justice as required by section 2688 on the jury's verdict, but, it seems, the jury's deliverance was transcribed on the justice's docket. At this stage of the proceedings, five days after the trial, the defendant presented to the City Court of Birmingham the following petition, duly verified: "Your petitioner, G. W. Beach, respectfully represents that on the 28th day of September, 1901, judgment was rendered against him in favor of Lavender Bros, by R. C. Burns, foreman of the jury in justice court of W. A. Williams, East Lake, Alabama, for the sum of $12.10 damages, and ten dollars costs in a suit there pending before said W. A. Williams, J. P., wherein the said Lavender Bros. were plaintiffs and G. W. Beach defendant, and petitioner alleges that there are errors apparent on the record, showing that said judgment was erroneous, unjust and unwarranted, in this, that same was rendered by R. C. Burnes, foreman of a jury, before same had ever been tried by a justice of the peace without a jury, and without any appeal to a jury; because same does not show that defendant was served with 3 days notice prior to said judgment; because no proper judgment was rendered, and petitioner represents that the exhibit hereto attached marked "B" is a complete transcript of the proceedings before said justice in said case and prays that it be made a part of this petition. Thereupon petitioner prays for an order for the issuance of a writ of *certiorari* and *supercedeas* in said cause to said W. A. Williams, returnable to the next term of the city court of Birmingham * * * in order

that justice may be done. in the premises." An order was made as prayed, and the writ was issued. The plaintiffs, Lavender Bros., interposed to this petition a demurrer assigning these grounds: "1. Because defendant does not aver in said petition that he does not owe the debt or any part thereof for which judgment was rendered. 2. Because it is not averred that defendant has any defense to this action, nor that the defendant did not have notice of the suit and did not appear at the trial thereof, and because the petition fails to make a case of common law *certiorari*." The city court sustained the demurrer, and, the petitioner declining to amend, ordered and adjudged, "that the writ of *certiorari* heretofore issued in this cause be, and it hereby is, quashed, and that *procedendo* issue in due form to the justice from whence this cause came by appeal to this court."

We think this action of the city court was erroneous. The judgment, or, more accurately, that which stood as and for a judgment in the justice court was void. It was no judgment at all. In the first place, on the facts averred in the petition, there was no warrant of law for a jury trial or for any verdict of a jury. That is only authorized after and upon an appeal to a jury from a judgment rendered by the justice sitting without a jury. And, in the next place, assuming that the case properly reached a jury, the deliverance made by this jury was and could be only a *verdict*. There is no authority of law for a jury in such a case, or its foreman, rendering a judgment. That can only be done by the justice sitting and acting as the justice court. This deliverance of the jury was not a judgment. No judgment has ever been rendered in this case. But what the jury returned was copied onto the justice's docket, and it stands there as a judgment to. be executed by the justice, and the city court ordered a *procedendo* to the justice in respect of it. Standing as and in the place of a judgment, and being assumed to be a judgment, it is capable of being used to the embarrassment and oppression of the defendant, as the basis of executions against him. He, therefore, has a palpable interest in having it expung-

[Beach v. Lavender Bros.]

ed. And though he may have no defense to the action, and in fact justly owes the amount of this void judgment, he cannot legally be coerced through its supposed validity to pay that or any sum; but, to the contrary, he has a clear legal right to be protected from the uses to which it may be put by its expurgation. The citizen may not be subjected to executions merely because he owes a debt. There must be an adjudication of his indebtedness before his property can be subjected to levy and sale. It is true that even after levy of execution issued on such a judgment, he may secure a release of his property by proceeding in the proper way to have the execution quashed, but he is entitled to more than this: He is entitled to protection against the oppressions of the levy itself. To get his property back after the delay and harrassment of a proceeding to quash the execution which has been levied on it, and upon which he has been deprived of its possession and use, is in no sense the same thing to him as preventing such wholly unwarranted deprivation of its possession and use. So that his only adequate remedy in such case is to quash the supposed judgment by the common law writ of *certiorari* for invalidity apparent upon the face of the proceedings in the justice court. And this right he has, we repeat, whether he owes the debt for which he was sued or not.—*Independent Publishing Co. v. American Press Association*, 102 Ala. 475.

The judgment of the city court must be reversed; judgment will be here rendered overruling the demurrers to the petition. The cause will be remanded.

Reversed, rendered and remanded.