# Powell *v.* Union Bank & Trust Co.

## Bill for Partition.

(Decided June 29, 1911.   56 South. 123.)

1. *Insane Persons; Guardian; Appointment; Collateral Attack.*— The fact that the jury which pronounced a person insane was composed of ten instead of twelve persons, was an irregularity merely, which would not make the appointment of the guardian void, it not being necessary that the records of the probate court show such facts; hence, that question cannot be raised on collateral attack by a stranger to the proceedings, so as to question the authority of the guardian to maintain a bill for patition. Such questions should be raised by appeal or in direct proceedings.

2. *Judgment; Collateral Attack; Probate Court.*—Where the jurisdiction of the probate court had attached and it had proceeded to exercise that jurisdiction, irregularities in the subsequent proceedings will not subject the decree rendered to collateral attack; this rule being extended to a failure to make interested persons parties or to notify necessary parties.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by the Union Bank & Trust Company as guardian of Virginia Powell, against Bolling R. Powell, and others, for the sale of certain lands for partition. From a decree for complainant the respondent named above appeals. Affirmed.

DANIEL W. TROY, and EDWARD S. WATTS, for appellant. The appointment of a guardian without inquisition is void.—*Moody v. Bibb*, 50 Ala. 248. The jury holding the inquisition was not in accordance with the statute, and the judgment rendered was not valid.— Sections 2258-9, Code 1907. An infant cannot be bound by the admissions of his guardian ad litem, unless they are for his benefit, and this rule applies to insane persons as well.—15 A. & E. Enc. of Law, 12; 24 Cyc. 132; *Bell v. The State*, 44 Ala. 393.

JAMES F. PARRISH, for appellee. The right of trial by jury is purely statutory, and the failure to empanel a jury of twelve was but a mere irregularity.—*Reynolds v. Reynolds*, 11 Ala. 1023; *Willis v. Willis*, 9 Ala. 330; 24 Cyc. 104. While there are no cases in point in Alabama, the court's attention is directed to the following cases: —*Nealy v. Shepherd*, 190 Ill. 637; *State v. Kilborn*, 68 Minn. 320. The guardian ad litem is a full representative of the rights and interests for the particular case in which he is appointed.—23 Cyc. 661. The only way an insane person can be served is that prescribed by statute. —Sec. 5313, Code 1907. If the matters complained of may be considered as irregularities, they should have been raised by appeal, or a direct proceeding should be had to annul the judgment. It was not subject to this collateral attack.—*Simmons v. Craft*, 118 Ala. 625.

MAYFIELD, J.—As stated in brief of counsel for appellant, "the sole question in this case is whether or not the proceedings by which the Union Bank & Trust Company claims to have become the guardian of Virginia Powell were void." It is admitted by the appellant that, if such proceedings were regular, the bill is well filed and the injunction properly granted.

The fact that the jury that made the inquisition and rendered the verdict pronouncing Virginia Powell insane was composed of 10, instead of 12, persons, was a mere irregularity in the proceedings, and did not render the appointment of a guardian by the court absolutely void. Such question cannot be raised on collateral attack, for the purpose of denying or disputing the authority of the guardian so appointed to maintain or defend an action by or against such ward. The validity of the appointment and the authority of such guardian to represent the ward cannot be raised by a stranger to the proceedings in the probate court, and certainly not by a stranger to the proceedings in another and different court, and in a collateral proceeding on which the question arises only incidentally, as in this case.

If the appointment of such guardian and the proceedings of the probate court for that purpose are voidable, the matter should be corrected by appeal, or by a proceeding, instituted in that, or the chancery court, to rectify the same, or reversed and avoided in a direct proceeding for such purpose. Otherwise the proceeding will be still standing in the probate court, and, so far as concerns the appointment or the grant of letters of guardianship, will be perfectly valid, though liable, on collateral attack, to be by some courts pronounced voidable or void, and by others valid—valid for some purposes, and void or voidable for others. It is not at all necessary that the records in

[Powell v. Union Bank & Trust Co.]

the probate court shall disclose that the inquiry was made by a jury of 10 persons, instead of 12. It is a mere incident, in that particular case, that such fact appears of record in the probate court, which record, without this irregularity, affirmatively and conclusively shows that the probate court acquired jurisdiction for the purpose of appointing a guardian, and that a jury of 12 persons was ordered and summoned, as directed by the statute; that the jury impaneled and sworn made the inquiry and returned a verdict in all respects according to law, with the exception that the parties consented to a trial by a jury of 10. And this recital of an unnecessary fact touching the organization of the jury, being matter which could be stricken without affecting the validity of the proceeding, cannot render it void on its face.

It has been ruled frequently and repeatedly by this court that, in all proceedings in the probate court where it is made to appear that the jurisdiction of the court has attached, and that the court has proceeded in the exercise of that jurisdiction, no irregularity in the subsequent proceedings can avail to avoid or annul the decree rendered, on collateral attack. This rule has been so extended that even the failure to make interested persons parties to the proceedings, or the failure to notify necessary parties, will not be held to render void the decree of the probate court on collateral attack-

It was held by this court, in the case of *Craft v. Simon*, 118 Ala. 635, 24 South. 380, that mere irregularities and errors in the appointment of guardian for insane persons, must be corrected by appeal, certiorari, or other direct proceeding; and that if the probate court acquires jurisdiction to proceed, and the error or irregularity occurs thereafter, the proceedings cannot be assailed on account thereof by collateral attack.

[Foley, et al. v. Brock.]

We therefore conclude that the court properly overruled the demurrer to the bill.

Affirmed.

SIMPSON, ANDERSON, McCLELLAN, and SOMERVILLE, JJ., concur.