38 So.2d 870

### STATE v. POLLOCK.

6 Div. 731.

Supreme Court of Alabama.

Dec. 23, 1948.

Rehearing Denied Feb. 17, 1949.

A. A. Carmichael, Atty. Gen. and H. Grady Tiller and W. W. Livingston, Asst. Attys. Gen., for appellant.

Wm. S. Pritchard, Winston B. McCall and Pritchard & McCall, all of Birmingham, for appellee.

FOSTER, Justice.

Appellee, Jacob Pollock, filed his return with the State Department of Revenue for his income tax for the calendar year of 1944. On the 26th day of February, 1947, the State Department of Revenue entered an assessment against him on account of income tax for the year 1944, for a deficiency of $249.33, interest thereon to be added; and on that day gave the taxpayer notice that he could appear before the department at the State Capitol on the 12th day of March, 1947, and show cause, if any, why said assessment should not be made final. By instrument dated March 11, 1947, the taxpayer filed a protest with the department, through his attorney, assigning several separate grounds of objection to the assessment, among them being that the assessment was void and barred by the statute of limitations, and that the assessment was not authorized by law, and *that the statutory notice of fifteen days of the hearing was not given, as required by section 407, Title 51, Code.*

The department had said protest before it on said 12th day of March, 1947, and on that day neither the taxpayer nor his attorney appeared in person before the department, but an order was entered by the department making the assessment final, not only for the $249.33 deficiency referred to above, but also added thereto a penalty of $203.01, which was fifty precent of the total tax assessed for the year of $406.03, the taxpayer having previously paid $156.70,

which deducted from the $406.03 leaves a deficiency of $249.33. Notice was given the taxpayer by the department as of March 12, 1947, of such final assessment, including the penalty and interest, making a total of $482.26 deficiency. Thereupon the taxpayer filed notice of appeal with the secretary of the department, and gave a supersedeas bond; the appeal being to the Circuit Court of the Tenth Judicial Circuit, sitting in Equity. The taxpayer in due time filed in the circuit court his original bill pursuant to practice in such cases provided, in which it is claimed that the assessment violated section 384, Title 51, Code, by including as assessable income an amount of $5,000.00 paid by the taxpayer's employer for the purchase of annuity contracts of insurance, and that the assessment as made by the department on March 12, 1947, was void because it was made fourteen days from the date of notice, and not fifteen days, as required by law, and, therefore, that it violated section 407, Title 51, Code. The bill also complained that the final assessment erroneously included a penalty of fifty percent, and that the facts which justified such a penalty under section 413 (416?), Title 51, Code, were not made to appear.

The State of Alabama, through the Department of Revenue, made answer to the bill of complaint, insisting that the amount of the premium of $5,000.00 paid by the taxpayer's employer for annuity contracts of insurance was properly considered income by such taxpayer, and was not included in his return, and therefore it should be included in the computation of his income tax and, further, that the return by the taxpayer to the extent that said amount was omitted was willfully false and fraudulent within the terms of section 416, Title 51, Code.

The cause came before the Tenth Judicial Circuit Court on said bill and answer and testimony, and the court was of the opinion that since the notice was sent to the taxpayer on February 26, 1947, and the day set for hearing was March 12, 1947, he only had fourteen days' notice of the time when the hearing would be had upon the question of whether the assessment should be made final, and not having had fifteen days' notice, as required by section 407, Title 51, Code, the entire deficiency assessment was on that day beyond the power of the Department of Revenue, and was therefore void in its entirety, and especially in respect to the penalty of $203.01, when no notice had been given to the taxpayer of any intention to impose such penalty. The court thereupon entered a decree to the effect that the assessment made final on the 12th day of March, 1947, was illegal and void. From that decree, the State of Alabama has prosecuted this appeal.

The first question to be considered on this appeal, raised by the Attorney General for the State, is the insistence that by taking an appeal from the assessment made on March 12, 1947, the taxpayer waived the effect of the failure to give the fifteen days notice of such hearing upon the ground that on such appeal the proceeding is triable in the circuit court, in equity, de novo, and that legal status is a waiver of any claim that the taxpayer may have that he did not receive the fifteen days' notice, required by law.

■ We are constrained to agree with the State in such contention for the reasons which we will discuss. In the first place, we have held, and we think correctly so, that an appeal by the taxpayer under such circumstances as provided by section 140, Title 51, Code, contemplates a trial in the circuit court, in equity, de novo. State v. Louis Pizitz Dry Goods Co., 243 Ala. 629(11), 11 So.2d 342. It is provided in that statute as follows:

"The circuit court in equity, or the supreme court of Alabama on appeal to it may, if it be of the opinion from all the evidence that the assessment as made is either too high or too low, fix the amount of such assessment. The court shall hear such appeals according to its own rules and methods or (of) procedure so far as practicable and shall decide all questions both as to the legality of the assessment and the amount thereof."

■ It is true that notice being required by the statute should be given. State Tax Commission v. Stanley, 234 Ala. 66 (8), 173 So. 609.

██ The taxpayer was properly before the department as a court, and made a written protest as of that day. In that appearance he protested the merits of the deficiency assessment, and an absence of the full fifteen days' notice of the hearing, but made no personal appearance. By so doing, he did not waive the fifteen days' notice.

The trial court seemed to have assumed that the judgment was void on its face, and that no appeal would lie to the circuit court upon the authority of that line of our cases typified in Craig v. Root, 247 Ala. 479(12), 25 So.2d 147.

 In that case the trial court did not acquire jurisdiction of the subject matter. Since the court did not acquire jurisdiction, it had no power to render any judgment except to dismiss the proceeding. Such also was the status in the case of Burgin v. Ivy Coal & Coke Co., 127 Ala. 657, 29 So. 67. But in this case the department had jurisdiction of the subject matter and of the person of the taxpayer. Campbell v. State, 242 Ala. 215(19, 20), 5 So.2d 466; Howell & Graves v. Curry, Com'r, 242 Ala. 122(2), 5 So.2d 105. True, he was entitled to fifteen days' notice of the hearing, and a failure to give such notice is an irregularity, but it does not deprive the court of jurisdiction. This theory has many applications. Powell v. Union Bank & Trust Co., 173 Ala. 332(2), 56 So. 123; Craft v. Simon, 118 Ala. 625, 24 So. 380; Jones v. Henderson, 228 Ala. 273(3), 153 So. 214. To support an appeal to another court for trial de novo, there must be a judgment of a final sort pronounced in respect to a matter over which the trial tribunal has jurisdiction. Francis-Chenoweth Hardware Co. v. Bailey, 104 Ala. 566, 18 So. 10; Wyatt v. Judge, 7 Porter 37; Little v. Fitts, 33 Ala. 343; Beach v. Lavender Bros., 138 Ala. 406, 35 So. 352.

 But when jurisdiction of the subject matter has been sufficiently invoked and has not been denied to the justice by law and he renders a final judgment, a statutory appeal to a court required to try the case de novo renders immaterial any error or informality before the trial court or tribunal, unless it involves an entire change of parties, a change of the cause or form of action, as one of our cases expresses it. South & N. A. R. Co. v. Pilgreen, 62 Ala. 305; Croft v. Carter, 220 Ala. 464, 126 So. 101; Alabama G. S. R. Co. v. Christian, 82 Ala. 307, 1 So. 121; Burns v. Henry, 67 Ala. 209. A record may show on its face that the defendant against whom a judgment by default was taken was not duly served with process, and therefore the court was without jurisdiction of his person, and for that reason the judgment was void on its face. The rule is that under those circumstances, when the court has jurisdiction of the subject matter, if he appeals to a circuit court, wherein a trial is to be had de novo, he waives the invalidity of the judgment of the lower court. Of course he is not without remedy before the appeal is taken, and that remedy has been often pointed out in the decisions of this Court to be that of common law certiorari. Memphis & C. R. Co. v. Brannum, 96 Ala. 461, 11 So. 468; Independent Publishing Co. v. American Press Co., 102 Ala. 475, 493, 15 So. 947; H. H. Hitt Lumber Co. v. Turner, 178 Ala. 56, 65 So. 807; Beach v. Lavender Bros., 138 Ala. 406, 35 So. 352; Visible Measure Gasoline Co. v. McCarty Drug Co., 206 Ala. 588, 91 So. 383; Ex parte Allen, 166 Ala. 111, 52 So. 44.

We think the foregoing principles have direct application here. The Department of Revenue is the primary trial tribunal or court. It had jurisdiction of the subject matter and the parties (Campbell v. State, supra). To give the statutory notice of fourteen days instead of fifteen days was in the nature of an irregularity (Powell v. Union Bank & Trust Co., supra); but if it rendered the judgment void, as contended, it was not so because the primary tribunal was denied by law jurisdiction of the subject matter. So that on appeal to the circuit court for trial de novo, the irregularity as to notice or even the invalidity of the judgment on that account, if it were so, would not be available. The trial on such appeal is solely upon the merits of the controversy.

## On the Merits.

On such appeal, section 140, Title 51, supra, directs the court to decide all questions both as to the legality of the assessment and the amount thereof. The legality of the assessment has no reference to matters which were rendered unavailable by the appeal.

On February 26, 1947, the department made a reassessment of the income tax of the taxpayer for the year 1944 by adding $5,000.00 to the amount of his gross taxable income and by deducting $5.00 on account of contributions. The latter item will not be treated as no contention is made as to it. The first important question is whether the item of $5,000.00 was properly added to his gross income.

The evidence shows that the taxpayer had been employed by Louis Pizitz Dry Goods Company for a number of years. The manager of that company was solicited by the insurance agent to reward several long time employees by purchasing an annuity for each of them. This was done. In the case of this employee the question relates only to 1944, though it had been done for him and others each of several preceding years. The policy here involved is what was called a single premium retirement annuity policy, for which the employer paid the insurance company $5,000.00. The employee signed the application for the insurance which contained death benefits as well as annuity benefits. He also signed a certificate that he gave to the insurance agent $5,000.00 on that account. There were no immediate benefits payable during the year 1944, but it had a cash surrender and loan value after the expiration of twelve months, which would not occur during the tax year of 1944. At the time the policies were solicited, the employer was informed by the agent that the amount of the premium would be deductible as an expense, by a United States Treasury ruling, and that the employee would not be subject to include it in his income tax return until and as he made collection on account of it. This was also the opinion of some lawyers at the time as a result of that ruling, as the employee was informed. The liability to include it by the employee is on the principles which control the federal income tax returns. State v. Flenner, 236 Ala. 228, 181 So. 786. At that time the Commissioner of Internal Revenue had ruled that such amounts so paid did not constitute income to the employee for tax purposes. (XIV –19-7479, I. T. 2891.)

But that principle has not been sustained in the federal courts, holding that they are taxable income for the year in which the single premium is paid, when it is not a gratuity, but is additional compensation for services rendered, and in substance was a payment to the employee of said sum (here $5,000.00), and by him (or for him) was paid to the insurance company.

Appellee has devoted his brief principally to sustaining the holding of the trial court that the assessment was void because fifteen days' notice was not given of the final hearing, whereas fourteen days' notice was given. Appellee has furnished no authority to support the contention that it was not taxable income for 1944 to the full amount, except the ruling of the Treasury Department which has been repudiated by the Tax Court and the United States Circuit Court of Appeals. Brodie v. Commissioner, 1 T. C. 275, 283; Deupree v. Commissioner, 1 T. C. 113; Charles L. Jones v. Commissioner, 2 T.C. 924; Hackett v. Commissioner, 5 T. C. 1325, 1332; Id., 1 Cir., 159 F.2d 121; Oberwinder v. Commissioner of Internal Revenue, 8 Cir., 147 F.2d 255; Hubbell v. Commissioner of Internal Revenue, 6 Cir., 150 F.2d 516, 161 A.L.R. 764; Old Colony Trust Co. v. Commissioner of Internal Revenue, 279 U.S. 716, 49 S.Ct. 499, 73 L. Ed. 918; Botchford v. Commissioner of Internal Revenue, 9 Cir., 81 F.2d 914, 110 A.L.R. 281 (see page 285 et seq.); Poorman v. Commissioner of Internal Revenue, 9 Cir., 131 F.2d 946: subject to a gift tax if it is a gift, Guggenheim v. Rasquin, 312 U.S. 254, 61 S.Ct. 507, 85 L.Ed. 813; United States v. Ryerson, 312 U.S. 260, 61 S.Ct. 479, 85 L.Ed. 819. Our statute, we think, should likewise be so construed, and the State department correctly computed it as a part of the income for 1944 of the taxpayer.

### Penalty.

In making the assessment final the department added fifty percent of the amount of the total tax as a penalty. Computed with the addition, to which we have referred, the total tax for 1944 was $406.03. From this amount was deducted $156.70, which was paid on the return as originally made, leaving $249.53 to which was added fifty percent of $406.03 or $203.01, which makes $452.54, to which interest was added making a total tax, penalty and interest of $482.26, made final March 12, 1947.

Appellee complains, first, that the tentative assessment made February 26, 1947, did not include a penalty and that when he protested the assessment, the department had no right to add a penalty on the hearing as provided for in section 407, Title 51, supra. That statute provides that upon such hearing the department shall finally fix, determine and assess the amount due and notify the taxpayer thereof, and then an appeal may be taken.

We need not here determine the power of the department to add a penalty when none was previously made, and the hearing was at a time less than the required fifteen days, and when neither the taxpayer nor his attorney appeared personally at the hearing, for when the taxpayer appealed, as there provided and detailed in section 140, supra, such trial on appeal was de novo, when the court was empowered to fix the amount of the assessment and decide all questions as to legality and amount. This includes a penalty when authorized as a part of the assessment. State v. Louis Pizitz Dry Goods Co., supra.

The penalty which was assessed is dependent upon section 416, Title 51, supra, which provides: "In the case of a wilfully false or fraudulent return or list having been rendered, the department of revenue shall add a penalty of not more than fifty percent as a penalty to said tax." It also provides that "In case of failure or neglect to make such list or return, the department of revenue shall add a penalty of not more than twenty-five percent as a penalty".

The taxpayer made a list or return for the year, and therefore is not subject to the twenty-five percent penalty. He is not subject to the fifty percent penalty unless his return is willfully false or fraudulently made. The department seems to assume that because the taxpayer knew the facts when he made his return, his omission of the item of income shows a willfully false or fraudulent return.

We do not agree with that idea, applicable in all situations. It was omitted willfully, but the circumstances show that it was so because he believed that it was not taxable until and as he received financial benefits from the contract of annuity. He is presumed to know the law, but his failure to observe it when he does not know it in fact is not conclusive of an intent to defraud. Here this taxpayer had the right to have a disputed question judicially determined without the assessment of a penalty based upon a fraudulent intent, when the dispute was in good faith honestly entertained, and based upon the advice of competent counsel. Such is the present situation.

We think the amount made final should be, as it was, assessed on February 26, 1947, before the protest was made as follows:

| | |
|---|---|
| Total income tax due for 1944 | $406.03 |
| Tax previously assessed | $156.70 |
| Deficiency | $249.33 |
| Interest to February 26, 1947 | $ 29.30 |
| | $278.63 |
| Interest from February 26, 1947 at six percent to December 23, 1948 | $ 27.30 |
| Total | $305.93 |

The decree of the trial court is reversed, and one is here rendered fixing the amount of the assessment remaining unpaid with interest to this date at $305.93, for which amount together with the costs of this litigation in this Court and in the circuit court, in equity, a judgment is here rendered

**610**

against Jacob Pollock and against his appeal bond for the costs of appeal.

Reversed and rendered.

BROWN, LIVINGSTON, LAWSON and STAKELY, JJ., concur.

On Rehearing.

FOSTER, Justice.

We do not think it is necessary to discuss again any matter which was covered by the foregoing opinion.

Appellee, the taxpayer, argues further that interest should not have been computed from March 15, 1945.

We are dealing with appellee's income tax for 1944. Section 409, Title 51, Code, makes the 15th of March next thereafter the date on or before which the tax must be paid unless there is an election to pay it in installments. If there is no such election, it is all due by the 15th of March. The assessment which was thereafter made was intended merely to fix the correct amount due March 15, 1945, and is effective as of that date.

Section 196, Title 51, Code, provides that all taxes becoming delinquent bear interest at the rate of six percent. This is an old statute. Section 3056, Code of 1923. Section 140, Title 51, by which this appeal is controlled, has provision indicating an intention that interest be paid on all delinquencies within its contemplation. See, also, section 883, Title 51, Code.

We think there is no question but that the legislature intended to put an interest charge on all delinquent taxes, whether they are ad valorem, license or other excises. We therefore are not disposed to modify the opinion in that respect.

The State, appellant, also asks us to add a penalty under section 886(h), Title 51, whereby it is provided that if any person be delinquent in the payment of any tax for more than thirty days after the due date thereof, there shall be collected a penalty of one percent per month for each month or fraction thereof that such tax remains delinquent.

Not now considering the fact that no such insistence was made on the original submission, we think it is without merit.

We do not think that statute was intended thus to penalize a taxpayer who has exercised his right of appeal taken within thirty days as authorized by section 140, Title 51.

Pending the appeal the supersedeas bond having been given as authorized by section 140, supra, the duty to pay immediately the tax was suspended, which therefore relieved the taxpayer of the penalty for not paying the tax in that period. We are not here concerned with its operation or effect in event the amount of our decree is not paid in thirty days thereafter.

The application for a rehearing is overruled.

BROWN, LIVINGSTON, LAWSON and STAKELY, JJ., concur.