102 So.2d 908.

### Ex parte STATE ex rel. Bill LYERLY, Director Dept. of Public Safety.

I Div. 756.

Court of Appeals of Alabama.

Oct. 29, 1957.

Rehearing Denied Nov. 19, 1957.

ing the internal administration of Act No. 60, above.

**300**

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for petitioner.

Harry Seale, Mobile, for respondent.

PRICE, Judge.

Petition for mandamus to Hon. Robert T. Ervin, Jr., Judge of the Circuit Court of Mobile County, to compel him to vacate an order made by him on August 7, 1957, overruling the motion of Bill Lyerly, as Director of the Department of Public Safety, to strike an appeal filed by Truman E. Doherty in the Circuit Court of Mobile County.

It is made to appear from the petition that petitioner, the said Bill Lyerly, as Director of the Department of Public Safety, suspended Doherty's driver's license on the ground that he was an habitually reckless or negligent driver of a motor vehicle under the provisions of Section 68, Title 36, Code 1940.

Thereafter the said Doherty obtained a hearing, held before an authorized agent of the Director. Section 68, supra, provides that, "Upon such hearing the director of public safety or his duly authorized agent shall either rescind his order of suspension or, good cause appearing therefor, may extend the suspension of such licensee or revoke such license. If the hearing is conducted by a duly authorized agent instead of by the director of public safety himself, the action of such agent must be approved by the director of public safety."

█ On the same day of the hearing and before the Director could approve or disapprove the action of the agent, Doherty filed an "appeal" to the Circuit Court of Mobile County, and therefore, the appeal was prematurely filed.

It appears from the answer of Judge Ervin, and brief filed in support thereof, that it is the contention of the respondent that the duly authorized agent of the Director, following the hearing, demanded immediate surrender of Mr. Doherty's driver's license; that it is evident from such fact that the said agent was acting through prior instructions of the Director, and that the filing of this proceeding was evidence of the approval of the agent's action.

█ Generally when the "approval of a distinct officer is made necessary to validate or consummate the act of another, it is the intention of the Legislature that he should be invested with the option to sanction officially or to disapprove the act submitted to him. It involves the idea of discretion and adjudication, and means more than the unexpressed mental acquiescence of the individual in the propriety of what

has been done." Vol. 3A Words and Phrases, Approve, p. 510, and cases referred to therein.

█ We think the phrase "must be approved" as used in the statute was intended by the legislature to require that the action of the agent be submitted to the Director after the hearing, and that a conclusion approving or rejecting such action be reached by him after a consideration of the same.

█ "In the absence of express statutory provision to the contrary, an appeal or writ of error will lie only where there has been a decision by a tribunal or officer vested with judicial authority, and acting in a judicial capacity when making the decision." 4 C.J.S. Appeal and Error § 47, p. 176.

█ It is settled that the Director of Public Safety acts judicially in ordering suspension or revocation of an automobile driver's license, and that an appeal from such order is an appeal from the order of an administrative officer acting in a judicial capacity. Ex parte State ex rel. Sullivan, 262 Ala. 188, 78 So.2d 322; Ex parte State ex rel. Lyerly, 38 Ala.App. 630, 91 So.2d 233.

The statute makes no provision for an appeal to the courts from an order of an administrative hearing agent. Section 68, supra.

█ "To support an appeal to another court for trial de novo, there must be a judgment of a final sort pronounced in respect to a matter over which the trial tribunal has jurisdiction." State v. Pollock, 251 Ala. 603, 38 So.2d 870, 873, 7 A.L.R.2d 757.

█ An appeal taken without statutory authority must be dismissed for want of jurisdiction. McGregor v. McGregor, 250 Ala. 662, 35 So.2d 685.

We conclude that the petitioner is entitled to the relief sought.

It is therefore ordered that the petition be granted, and that a writ of mandamus be issued directing the respondent to vacate, annul and hold for naught his order denying the petitioner's motion to strike the petition of Doherty seeking the restoration of his driver's license.

Writ granted.