HOLMES, Judge.
This is an income tax case.
The Circuit Court of Montgomery County, after an ore tenus hearing, found that the taxpayer should have included as income in his 1976 state income tax return the gain from the sale of certain property. Additionally, the circuit court found that the statutory penalty assessed against the taxpayer by the State Department of Revenue was not justified.
The taxpayer appeals from the first finding and the state cross-appeals as to the penalty. We affirm.[1]
The record viewed with the attendant presumptions reveals the following facts.
In May of 1976, the taxpayer and his wife purchased 100 acres of land from Mrs. Elsie Estes for $7,146.41. On August 26, 1976, the taxpayer and his wife sold twenty acres of this land using their son as a conduit to Ms. Lee Stephens for $8,100.
*861 In November of 1976, the taxpayer and his wife were sued by Mrs. Estes, who charged the taxpayer, Odis Best, with fraud and misrepresentation in the initial sale of the 100 acres of land. In February of 1977, the taxpayer bought back the twenty acres of land from Ms. Stephens for $10,150.
On April 10, 1977, the taxpayer and his wife filed a joint 1976 Alabama income tax return which did not include the gain received from the sale of the twenty acres in 1976.
In December, 1979, the State Department of Revenue began an investigation and audit of the taxpayer and his wife. At the completion of the audit in April, 1981, the Revenue Department entered its final assessment against the taxpayer and his wife. In pertinent part, that assessment found the taxpayer and his wife had not reported the aforesaid gain on the 1976 sale of twenty acres. The Revenue Department also claimed a penalty for a false or fraudulent return. The taxpayer and his wife appealed to the Montgomery Circuit Court which entered an order finding the gain should have been included but that no penalty was justified.
I
The taxpayer argues he was not required to report the gain on the sale because in the year of the sale he recognized his liablity under an existing and fixed obligation to repay the amount received and made provisions for repayment.
The Alabama Code requires that all income should be included in a taxpayer’s gross income in the year it is received, although losses may later occur against such income. Ala.Code §§ 40-18-13 and 40-18-14 (1975). Alabama law, like its federal counterpart, requires that “each transaction must be reported in the year of occurrence.” Boswell v. First National Bank, 375 So.2d 469, 473 (Ala.Civ.App.1979). Generally, a gain such as the instant gain, should be reported on the tax return of the year in which the gain occurred, regardless of the fact that due to circumstances a “loss” may occur in a later year. See Hope v. Commissioner of Internal Revenue, 471 F.2d 738 (3rd Cir.1973); Boswell v. First National Bank, supra.
The repurchase of the twenty acres in 1977 and its effect on the transaction did not change the taxpayer’s legal duty to report the gain he received on the sale of the twenty acres in 1976.
Furthermore, the “claim of right doctrine,” which the Revenue Department relies on in part, holds that “[i]f a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to [report], even though it may still be claimed he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent.” North American Oil Consolidated v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197 (1932).
The taxpayer, through able counsel, contends he falls within an exception to “the claim of right doctrine” which provides the rule does not apply “when in the year of receipt a taxpayer recognizes his liability under an existing and fixed obligation to repay the amount received and makes provision for such repayment.” Hope v. Commissioner of Internal Revenue, supra, at 741.
However, such a claim by the taxpayer is not supported by the evidence. Although the taxpayer testified he made an agreement with Ms. Stephens in 1976 to repurchase the land, both Ms. Stephens and her attorney testified in depositions that no such understanding was reached, nor discussed, in 1976.
Where there are unreconcilable conflicts in the evidence, the function of believing one party and disbelieving the other is for the trier of facts. Haas v. Madison County Board of Education, 380 So.2d 873 (Ala.Civ.App.), cert. denied, 380 So.2d 877 (Ala.1980). On disputed questions of fact, in an ore tenus hearing, it is the province of the trial court to make a decision. General Mutual Insurance Co. v. Dennis, 280 Ala. 434, 194 So.2d 838 (Ala.1967).
*862 Therefore, the trial court’s finding that the taxpayer “should have included as income” the gain from the sale of property is affirmed, as clearly such a finding is supported by the evidence.
II
The state in its cross-appeal contends the taxpayer’s conduct and actions surrounding his failure to report the gain supported the imposition by the Revenue Department of a penalty for filing a false and fraudulent return under the relevant Alabama Code section, and the trial court erred in removing the penalty.
The relevant statute provides for a penalty against “any person ... rendering a willfully false or fraudulent list or return ... and in the case of a willfully false or fraudulent return or list.... ” Ala.Code § 40-18-49 (1975).
In this instance, whether the taxpayer filed a “willfully false or fraudulent return” within the provision of § 40-18-19 was a question of fact to be determined by the learned trial judge. See State v. Pollock, 251 Ala. 603, 38 So.2d 870 (1948).
If there is evidence to support the trial court’s finding, such finding must be affirmed. Jansen v. Fair Harbor Marina, Inc., 373 So.2d 325 (Ala.Civ.App.1979).
There was evidence before the trial court and legal theories presented to the trial court that would support a finding that the taxpayer’s action were not “willfully false or fraudulent,” to wit, as in Pollock, the taxpayer had a “right to have a disputed question judicially determined without the assessment of a penalty.” State v. Pollock, supra, 251 Ala. at 609, 38 So.2d at 875.
We therefore affirm.
We also note that the taxpayer contends the trial court abused its discretion in assessing costs against him since he prevailed on two of the issues before the trial court.
Rule 54(d), A.R.Civ.P., leaves the taxing of costs within the sound discretion of the trial judge. Bukley v. Carroll, 366 So.2d 1094 (Ala.1978).
“While it is true that costs are generally taxed as a matter of course to the losing party, rule 54(d) gives the judge the authority to allocate them otherwise.” Ex parte Osborn, 375 So.2d 467, 469 (Ala.1979). The court in Osborn specifically noted that the rule does not “require” that the trial judge “must state the reasons” for the taxation of costs to either party. Ex parte Osborn, supra, at 469.
We find no abuse of discretion in the taxing of costs against the taxpayer in this case, and affirm.
The actions of the trial court in this case are due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.

. In a previous case, arising from the same transaction, we upheld the circuit court’s action denying the taxpayer a deduction for the loss incurred when he transferred the 100 acres back to Mrs. Estes. Interested parties should see Best v. State Department of Revenue, 417 So.2d 197 (Ala.Civ.App.1981).